IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SETH WAYNE FOUX,  §
     Petitioner,  §
       §
       §
v.  §  CIVIL ACTION NO. H-06-1356
       §
DOUG DRETKE,  §
     Respondent.  §

## MEMORANDUM AND ORDER ON DISMISSAL

State inmate Seth Wayne Foux has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2005 state court felony conviction. After considering the pleadings, matters of record, and the applicable law, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust.

## I.  PROCEDURAL HISTORY

According his pleadings, petitioner was found guilty of hindering a secured creditor on April 15, 2005 in Jefferson County, Texas, and sentenced to two years incarceration. He asserts that he "appealed to Judge Lane Walker"[1] on an unspecified date, and that the appeal was denied on "U/A," which the Court presumes to mean "unavailable." No application for state habeas relief or appeal to the state court of appeals is disclosed by the petition. This Court's independent search of available on-line state court docket information reveals no pending or completed state appeal or state habeas proceeding for petitioner.

---

[1] The Honorable *Layne* Walker, 252nd Criminal District Court, Jefferson County, Texas.

Petitioner filed the pending federal habeas petition on April 14, 2006. He claims that he is entitled to federal habeas relief from his conviction because his attorney failed to appear at his probation revocation and sentencing hearing.

## II.  DISCUSSION

A petitioner must exhaust all available state remedies in state court before he can obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995); 28 U.S.C. §§ 2254(b), (c).  Federal courts may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claims to the state courts, *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000).  In Texas, exhaustion may take one of two paths:  (1) a petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for a writ of habeas corpus in the trial court under art. 11.07 of the Texas Code of Criminal Procedure, and obtain a final ruling from the Texas Court of Criminal Appeals. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

According to the petition, and as confirmed by this Court's review of the public records, petitioner did not pursue a direct appeal of his conviction, and the Texas Court of Criminal Appeals has not yet addressed petitioner's claims.  Because it appears that state habeas corpus review remains available and unexhausted, the pending petition must be dismissed for petitioner's failure to exhaust.

## III.  CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** without prejudice for failure to exhaust.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 21st day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE